| |
|---|
| **Martha Stewart Living Omnimedia, LP v Snow Joe LLC** |
| 2024 NY Slip Op 33491(U) |
| September 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653155/2023 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

----------------------------------------------------------------------------------X

MARTHA STEWART LIVING OMNIMEDIA, LP,

Plaintiff,

- v -

SNOW JOE LLC,

Defendant.

----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653155/2023 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65

were read on this motion to/for             RENEWAL             .

In motion sequence 003, plaintiff Martha Stewart Living Omnimedia, LP moves pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 216.1 to redact (i) NYSCEF 13, 14, and 15, i.e., the parties' License Agreement, First Amendment thereto, and Second Amendment thereto, respectively[1]; and (ii) NYSCEF 7, defendant Snow Joe LLC's answer with counterclaims, and NYSCEF 18,[2] plaintiff's brief in support of its motion to dismiss affirmative defense and counterclaims, to the extent these documents quote the License Agreement or the amendments thereto. Plaintiff also seeks an order that any future filings be redacted or sealed to the extent such filings contain similar

---

[1] NYSCEF 13 has been refiled as NYSCEF 52; a public copy with the proposed redactions is filed at NYSCEF 53. NYSCEF 14 has been refiled as NYSCEF 54; a public copy with the proposed redactions is filed at NYSCEF 55. NYSCEF 15 has been refiled as NYSCEF 56; a public copy with the proposed redactions is filed at NYSCEF 57.

[2] NYSCEF 7 has been refiled as NYSCEF 58; the public copy with the proposed redactions is filed at NYSCEF 59. NYSCEF 8 has been refiled as NYSCEF 60; the public copy with the proposed redactions is filed at NYSCEF 61.

**653155/2023   MARTHA STEWART LIVING OMNIMEDIA, LP vs. SNOW JOE LLC**                    **Page 1 of 4**
**Motion No.  003**

commercially sensitive, competitive, and confidential information.  The motion is unopposed.  There is no indication that the press or public have an interest in this matter.

The court has denied without prejudice plaintiff's previous application (i) to seal NYSCEF 13, 14, and 15 because plaintiff failed to show good cause for wholesale sealing and (ii) to redact NYSCEF 7 and 18 for failure to submit copies with the proposed redactions highlighted.  (NYSCEF 42, Decision and Order at 2-3 [mot. seq. no. 002].)

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records."  (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].) The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerus statutes."  (*Id.* at 349.)  One of those statutes is section 216.1 (a) of the Uniform Rules for Trial Courts, which empowers courts to seal documents upon a written finding of good cause.  It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard."  (22 NYCRR 216.1 [a].)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].)  Good cause must "rest on a sound basis or legitimate need to take judicial action."  (*Danco Lab Ltd. v Chemical Works of*

653155/2023   MARTHA STEWART LIVING OMNIMEDIA, LP vs. SNOW JOE LLC          Page 2 of 4
Motion No.  003

2 of 4

*Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks omitted].) Further, in the business context, courts have sealed records where the disclosure of documents "could threaten a business's competitive advantage." (*Mosallem*, 76 AD3d at 350 [citations omitted].)

As to NYSCEF 13, 14, and 15, plaintiff seeks to redact

"confidential, proprietary, and commercially sensitive business information such as deal-specific terms regarding license grants and restrictions; procedures for approving products; payment structure and applicable interest; audit rights; marketing and advertising strategies and allowable budgets for various marketing pursuits; intellectual property rights related to various licensed products; indemnity obligations under deal-specific scenarios; insurance information; non-disclosure obligations and various exceptions; termination rights and obligations and corresponding deal-specific cures; deal-specific representations and warranties in connection to various licensed products and licensed trademarks; and representations regarding compliance with various rules applicable to the deal-specific transaction." (NYSCEF 45, Greenberg[3] aff ¶ 13.)

Disclosure of such sensitive business information would put plaintiff at a competitive disadvantage. Accordingly, plaintiff has demonstrated good cause to redact NYSCEF 13, 14, and 15 as proposed.

Likewise, plaintiff has demonstrated good cause to redact NYSCEF 7 and NYSCEF 18 as proposed. The proposed redactions are limited to quotes from the License Agreement and amendments thereto which the court is permitting to be redacted.

Accordingly, it is

ORDERED that the motion is granted; and it is further

---

[3] Heather Greenberg is Chief Legal Officer of Marquee Brands LLC, of which plaintiff is a subsidiary. (NYSCEF 45, Greenberg aff ¶ 2.)

**653155/2023   MARTHA STEWART LIVING OMNIMEDIA, LP vs. SNOW JOE LLC**
**Motion No.  003**

**Page 3 of 4**

ORDERED that and the County Clerk, upon service of this order, shall seal NYSCEF 7, 13, 14, 15, 18, 52, 54, 56, 58, and 60; and it is further

ORDERED the New York County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in this action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that plaintiff serve a copy of this order upon the Clerk of the Court and the Clerk of the General Clerk's Office in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for purposes of trial.

| 9/30/2024 | | 20240930224810AMASLEY4B686039F84A45CE9D16C3293B3416F3 |
|---|---|---|
| DATE | | ANDREA MASLEY, J.S.C. |

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☒ GRANTED ☐ DENIED ☐ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**653155/2023   MARTHA STEWART LIVING OMNIMEDIA, LP vs. SNOW JOE LLC**
**Motion No.  003**

**Page 4 of 4**

4 of 4